FILED
FEBRUARY 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 859**

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, Plaintiffs, v. TROTTER LANDSCAPE COMPANY, INC., an Illinois corporation, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. |

**JUDGE ZAGEL**
**MAGISTRATE JUDGE NOLAN**

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo, and Charles Ingrassia for their Complaint against Defendant Trotter Landscape Company, Inc. state:

### COUNT I

### (Failure To Pay Employee Benefit Contributions)

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Trotter Landscape Company, Inc., (hereinafter the "Company"), is an Illinois corporation. The Company does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the

most recent of which became effective June 1, 2006. ("Agreement"). (A copy of the Company's written confirmation of entering into the Agreement, and the Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust are attached hereto as Exhibit A.)

7. The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Contractors Association of Will and Grundy Counties ("CAWGC"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), and the Laborers' District Council Labor Management Committee Cooperative ("LDCMC") to act as an agent in the collection of contributions due to those funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective

Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to submit reports and contributions to Plaintiff Laborers' Pension Fund for the period of October, 2007 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit reports and contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of October, 2007 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and contributions to Laborers' Training Fund for the period of October, 2007 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)     failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for the period of October, 2007 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(e)     failed to obtain and maintain a surety bond.

12.     The Company's actions in failing to submit reports and contributions and obtain a bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185, and federal common law interpreting ERISA, 29 U.S.C. §1132 (g)(2).

13.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for delinquent contributions, liquidated damages, interest, and attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Trotter Landscape Company, Inc.:

a.     ordering the Company to submit benefit reports and contributions from October, 2007 forward;

b.     ordering the Company to submit the Company's books and records to an audit by Plaintiffs upon demand;

c.     ordering the Company to obtain and maintain a surety bond in accordance with the collective bargaining agreement;

d. entering judgment in sum certain against the Company on the amounts due and owing, and on any amounts due and owing pursuant to the reports to be submitted and audit if any, including interest, liquidated damages, audit costs, and attorneys' fees and costs; and

e. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Pay Union Dues)

14. Plaintiffs reallege paragraphs 1 through 12 of Count I.

15. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

16. Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or report to and forward union dues that were deducted or should have been deducted from the wages of its employees for the period of October, 2007 forward, thereby depriving the Union of income and information.

17. Pursuant to the Agreement, Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, plus audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Trotter Landscape Company, Inc.:

    a.    entering judgment in sum certain against the Defendant on the amounts due and owing pursuant to the October, 2007 forward dues reports to be submitted, audit if any, liquidated damages, audit costs, and attorneys' fees and costs; and

    b.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

February 8, 2008                                      Laborers' Pension Fund, et al.

                                                  By:  /s/ Jerrod Olszewski
                                                         Jerrod Olszewski

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

# PHMMA ADHERENCE AGREEMENT

The undersigned signatory unions and contractor hereby agree to the following with respect to work performed for Commonwealth Edison Company at its generating stations within the territorial boundary of the Will & Grundy County Building and Construction Trades Council.

(1) Each of the undersigned unions agrees (a) that all employees it represents who perform work at a Commonwealth Edison site shall work under the terms of the Power House Maintenance Modification Agreement dated 1/1/83 Revised 12/15/94 ("PHMMA") and (b) that said unions will be bound to the PHMMA with respect to such work.

(2) The signatory contractor agrees that with respect to work performed by any employees represented by the signatory unions, the contractor will be bound by the PHMMA.

(3) It is understood that a reproduced signature shall have the same force and effect as an original signature. An officer of the above building trades organization shall be the agent of the undersigned Unions with respect to the delivery of the fully executed copies of this PHMMA Adherence Agreement to the contractor.

16308

**UNIONS**

ASBESTOS WORKERS No. 17
By: [signature] Michael O'Neil

BOILERMAKERS No. 1
By: [signature]

BRICKLAYERS No. 14
By: [signature]

CARPENTERS No. 916
By: Kenneth Berg

CARPENTERS No. 174
By: Kenneth Berg

CEMENT MASONS No. 161
By: Charles Frontini

ELECTRICIANS No. 176
By: Lynn Fieldman

GLAZIERS No. 27
By: Leonard [signature]

IRON WORKERS No. 465
By: [signature]

IRON WORKERS No. 444
By: Howard R. Norberg

LABORERS No. 75
By: Joseph Lombardo Jr.

LATHERS No. 74-L
By: Kenneth Berg

MILLWRIGHTS No. 1693
By: [signature]

OPERATING ENGINEERS No. 150
By: Michael J. Quigley

PAINTERS No. 33
By: Anthony [signature]

PLASTERS No. 5
By: [signature]

PLUMBERS No. 130
By: [signature]

ROOFERS No. 11
By: Joseph Sullivan

SHEET METAL WORKERS No. 265
By: George [signature]

SPRINKLER FITTERS No. 669  Bus. Agent
By: [signature] for Bus. Agent Gerald Singleton

SPRINKLER FITTERS No. [?]
By: [signature]

TEAMSTERS No. 179
By: Robert White

TECHNICAL ENGINEER No. 130
By: [signature]

**CONTRACTOR**
Company: Trotter [illegible] Co Inc
By: [signature]   Title: President   Dated: 8-21-00

EXHIBIT A