IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,<br><br>Plaintiffs,<br><br>v.<br><br>TROTTER LANDSCAPE COMPANY, INC., an Illinois corporation,<br><br>Defendant. | Case No. 08 C 859<br><br>Judge Zagel<br><br>Magistrate Judge Nolan |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, TROTTER LANDSCAPE COMPANY, INC. ("Defendant"), by and through its attorney, Devlin J. Schoop of Laner, Muchin, Dombrow, Becker, Levin, and Tominberg, Ltd., hereby submits its Answer to Plaintiff's Complaint:

### COUNT I

**(Failure To Pay Employee Benefit Contributions)**

1.   Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

**ANSWER:**

Defendant admits that Plaintiffs purport to invoke this court's jurisdiction pursuant to Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§1132(e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C.

§1331, and federal common law, but Defendant denies that it has engaged in any unlawful conduct for which liability can be imposed.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

**ANSWER:**

Defendant admits that venue is proper within this judicial district pursuant, but denies that it has engaged in any unlawful conduct for which liability can be imposed.

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. §186(c)(5). The Funds have offices and conduct business within this District.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 3.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

**ANSWER:**

Defendant lacks sufficient knowledge or information to admit the truth of the allegations contained in Paragraph No. 4.

5. Defendant Trotter Landscape Company, Inc., (hereinafter the "Company"), is an Illinois corporation. The Company does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

2

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 5, but denies that it has engaged in any unlawful conduct for which liability can be imposed.

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2006. ("Agreement"). (A copy of the Company's written confirmation of entering into the Agreement, and the Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust are attached hereto as Exhibit A.)

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 6.

7. The Funds have been duly authorized to serve as collective agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Contractors Association of Will and Grundy Counties ("CAWGC"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), and the Laborers' District Council Labor Management Committee Cooperative ("LDCMC") to act as an agent in the collection of contributions due to those funds.

**ANSWER:**

Defendant lacks sufficient knowledge or information to admit the truth of the allegations contained in Paragraph No. 7.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 8.

9.The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 9.

10.The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 10.

11.Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)failed to submit reports and contributions to Plaintiff Laborers' Pension Fund for the period of October, 2007 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)failed to submit reports and contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of October, 2007 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)failed to submit reports and contributions to Laborers' Training Fund for the period of October, 2007 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for the period of October, 2007 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(e)failed to obtain and maintain a surety bond.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 11, including all subparts.

12. The Company's actions in failing to submit reports and contributions and obtain a bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185, and federal common law interpreting ERISA, 29 U.S.C. §1132(g)(2).

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 12.

13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for delinquent contributions, liquidated damages, interest, and attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 13.

## COUNT II

### (Failure To Pay Union Dues)

14. Plaintiffs reallege paragraphs 1 through 12 of Count I.

**ANSWER:**

Defendant restates its responses to Paragraphs 1 through 13 as and for its response to Paragraph No. 14.

15. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

**ANSWER:**

Defendant lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph No. 15.

16. Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or report to and forward union dues that were deducted or should have

5

been deducted from the wages of its employees for the period of October, 2007 forward, thereby depriving the Union of income and information.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 16.

17.   Pursuant to the Agreement, Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, plus audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 17.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff's prayer for relief be denied in its entirety, that judgment be entered in favor of Defendant, that Defendant be awarded the costs it has incurred in defending this action, and that the Court award Defendant such further and other relief as it may deem just and proper.

Dated: April 23, 2008                           Respectfully submitted,

                                                TROTTER LANDSCAPE COMPANY, INC. an Illinois corporation


                                                /s/ Devlin J. Schoop_____
                                                One of Its Attorneys


Devlin J. Schoop (06243835)
Laner, Muchin, Dombrow, Becker, Levin, and
 Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
 (312) 467-9800
 (312) 467-9479 (fax)

6

## CERTIFICATE OF SERVICE

Devlin J. Schoop, an attorney, hereby certifies that on this 23rd day of April, 2008, he caused Defendant's Answer to Complaint to be filed electronically with the Clerk of the District Court by operation of the Court's CM/ECF system, with a courtesy copy to be delivered to the chambers of the Hon. James B. Zagel, and served on Plaintiff's counsel of record as follows:

>Patrick T. Wallace
>Jerrod Olszewski
>Christina Krivanek
>Amy N. Carollo
>Charles Ingrassia
>Office of Fund Counsel
>111 W. Jackson Blvd., Suite 1415
>Chicago, IL 60604

>/s/ Devlin J. Schoop_____
>Devlin J. Schoop
>One of the Attorneys for Defendant, Trotter Landscape Company, Inc.